IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK WAGNER,

       Plaintiff,

v.

SEA ESTA MOTEL I, MARSHALL
HOTELS & RESORTS, INC., CAROLYN
A. METZ, and GEORGE METZ, III,

       Defendants.

Civil Action No. 13-81-RGA

MEMORANDUM OPINION

August __, 2014

/s/ Richard G. Andrews
ANDREWS, U.S. DISTRICT JUDGE:

This case arises out of a Memorial Day weekend accident in 2011 where Mark Wagner, the Plaintiff, fell from the third floor of the Sea Esta Motel I when the wooden railing he was leaning on gave way. Plaintiff sued Carolyn A. Metz, the motel owner, her son, George Metz, III, and Sea Esta Motel I (collectively, "the Sea Esta Defendants"), in addition to Marshall Hotels & Resorts, Inc., a property management company hired a week before the accident to manage the motel.

Presently before the Court are two *Daubert* motions filed by the defendants in this case. Marshall filed the first motion to exclude portions of testimony from the Sea Esta Defendants' expert, Elaine Warga-Murray. (D.I. 92). The second *Daubert* motion, filed by the Sea Esta Defendants, seeks to preclude trial testimony from two of the Plaintiff's expert witnesses, Jim Yost and Serge Borichevsky. (D.I. 104). The issues have been fully briefed. (D.I. 92, 105, 111, 116, 118 & 124). For the reasons stated below, Marshall's *Daubert* motion is denied, and the Sea Esta Defendants' motion is granted in part.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 sets out the requirements for expert witness testimony and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The Third Circuit has explained:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the requirement that the witness possess

1

specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his o[r] her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (footnote and internal citations omitted).

## II. DISCUSSION

After applying the above framework to the motions at issue, I am convinced that Marshall's motion should be denied and the Sea Esta Defendants' motion should be granted with respect to Mr. Borichevsky.

### A. Marshall's Motion

The Sea Esta Defendants retained Ms. Warga-Murray "to comment on the property manager's responsibility for repair, response, and action with regard to the condition of railings, decks and common area[s] used by motel guests and occupants." (D.I. 92-2, p. 1). Marshall objects to portions of Ms. Warga-Murray's report relating to the interpretation of contractual provisions in the Management Agreement entered into between Marshall and the Sea Esta Defendants. (D.I. 92 at 2-3 (quoting section of Ms. Warga-Murray's report concluding that "[t]he documents, exhibits etc. that I reviewed demonstrate that MARSHALL HOTELS & RESORTS, INC. did not act in accordance with the appropriate conduct and standard of care expected of Real Estate Management or in accordance with the terms of the Management Agreement")). Marshall supports its position with citations to Delaware cases purporting to hold

2

that "[i]t is improper for a witness to opine on legal issues governed by Delaware law." (*Id.* at 2). As an initial matter, the admissibility of expert testimony in this case is governed by federal law. The Delaware case law cited by Marshall is not persuasive on this point. Moreover, Ms. Warga-Murray's report mostly evaluates Marshall's conduct and forms an opinion regarding how it compares to both the applicable standard of care for a property manager and what Marshall was contractually bound to do under the Management Agreement.[1] This falls properly within the province of expert testimony and does not violate the *Daubert* standard. Any perceived shortcomings in Ms. Warga-Murray's expert report can be explored on cross examination.

### B. Sea Esta Defendants' Motion

The Plaintiff retained the services of two experts, Jim Yost and Serge Borichevsky. Mr. Yost was asked to explain the standard of care for a property manager and whether it was breached. (D.I. 105-1, p. 1). The Plaintiff sought Mr. Borichevsky's analysis of the physical evidence to determine the cause of the Plaintiff's fall. (D.I. 105-3, p. 3). The Sea Esta Defendants object to both experts' reports. (D.I. 105 at 1).

Mr. Yost, the Sea Esta Defendants contend, cannot base his opinion regarding an alleged breach of the standard of care upon an examination of physical evidence because he lacks the required education and training. (D.I. 105, p. 7). This argument is not persuasive. Mr. Yost graduated with a degree in Hotel and Restaurant Management and possesses many years of experience as a manager for various hotel and condominium associations. (D.I. 105-2). This background qualifies him to provide an opinion on the standard of care for a reasonable property

---

[1] Marshall cites several cases questioning whether Ms. Warga-Murray's interpretation of the Management Agreement would be helpful to the trier of fact in its reply brief, but not in its opening brief. (D.I. 118, p. 2). This is not permissible under Delaware Local Rule 7.1.3(c)(2). Because this issue is not properly before me at this time, I express no opinion on its merits.

3

manager. It does not require additional credentials beyond Mr. Yost's experience to look at a piece of wood from a handrail and offer an opinion as to what actions the standard of care requires a property manager to take.

With respect to Mr. Borichevsky, the Sea Esta Defendants assert that his testimony should be confined to an evaluation of the physical evidence—*i.e.*, he has no expertise regarding a property manager's applicable standard of care. (*Id.* at 7-8). The Court agrees. Mr. Borichevsky is a forensic civil engineer with almost fifty years of experience in the field. (D.I. 105-9). As such he is clearly qualified to analyze the physical evidence. To the extent that Mr. Borichevsky's report purports to apportion legal liability or to offer opinions beyond his field of expertise, however, it is stricken.

## III. CONCLUSION

For the reasons stated above, Marshall's *Daubert* motion is denied, and the Sea Esta Defendants' motion is granted in part. An appropriate Order will follow.